UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JERMAINE SUTTLES, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case Nos. 1:20-cv-301, 1:18-cr-133 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-301; Doc. 145 in Case No. 1:18-cr-133). For the following reasons, the motion will be **DENIED**.

### I. BACKGROUND

Petitioner pled guilty to conspiracy to distribute one hundred grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846. (Doc. 48.) District Judge Curtis L. Collier sentenced him to a below-guidelines term of seventy months' incarceration, followed by five years of supervised release. (Docs. 88, 129.) Defendant did not appeal his conviction or sentence.

Petitioner timely filed a motion under 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:20-cv-301; Doc. 145 in Case No. 1:18-cr-133.) He asserts that he received ineffective assistance of counsel because: (1) his lawyer did not do anything with the fact that an officer who investigated him had been suspended in 2009 for improper procedure with an informant, and again in 2018 for unspecified reasons; and (2) his lawyer did not file a motion to suppress

information obtained through a judicially authorized search warrant but should have because the warrant was improperly issued. (*See* Doc. 1 in Case No. 1:20-cv-301; Doc. 145 in Case No. 1:18-cr-133.)

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the

events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Courts "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Even if it falls outside that range, Petitioner must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

#### A. Officer Misconduct

The Government concedes that the officer at issue was suspended in 2009, but states that it has no information regarding the alleged 2018 suspension. Petitioner does not explain how the suspensions relate to his case or how the use of this information would have resulted in a different outcome. Accordingly, this claim is without merit.

#### B. Motion to Suppress

Affidavits supporting a search warrant are afforded "a presumption of validity" and cannot be challenged unless the defendant carries his "heavy burden" to (1) make "a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit"; and (2) prove "that the false statement or material omission [was] necessary to the probable cause finding in the

3

affidavit." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978); additional citations and quotation marks omitted).

Petitioner identifies various pieces of information available to investigators that he believes should have been included in the affidavit but were not. (Docs. 1, 12 in Case No. 1:20-cv-301.) He also asserts that the affidavit improperly relied upon a confidential informant. (*Id.*) Petitioner has not shown, however, that any of the alleged omissions were material to the finding of probable cause and therefore could have supported a meritorious motion to suppress. *See Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998) ("Affidavits in support of search warrants are normally drafted by nonlawyers in the midst and haste of a criminal investigation. An affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." (internal quotations marks and citations omitted)). Indeed, the affidavit contained information from multiple witnesses, including considerable detail about the information obtained from those witnesses, which supported a finding that Petitioner was selling heroin and/or fentanyl at the location to be searched. (*See* Doc. 6-1.) The Fourth Amendment requires no more. *See United States v. Thomas*, 605 F.3d 300, 309 (6th Cir. 2010) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." (citation and internal quotation marks omitted)). Accordingly, this claim is meritless.

## IV. CONCLUSION

Petitioner's motion to appoint counsel (Doc. 9 in Case No. 1:20-cv-301) is **DENIED** because exceptional circumstances do not warrant appointment in this relatively straightforward matter. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (explaining that there is no constitutional right to counsel in civil cases and that courts appoint counsel in civil cases "only [in] exceptional circumstances"). For the reasons above, Petitioner's § 2255 motion (Doc.

1 in Case No. 1:20-cv-301; Doc. 145 in Case No. 1:18-cr-133) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

    **SO ORDERED**.

                                                  */s/ Travis R. McDonough*
                                                  **TRAVIS R. MCDONOUGH**
                                                  **UNITED STATES DISTRICT JUDGE**